IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ERIC WILLIAMS                                                            PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 2:05cv48KS-JMR

ROGER WOOD SPEED, Sheriff                                        DEFENDANT

MEMORANDUM OPINION

On February 10, 2005, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status.  On February 17, 2005, an order was entered directing the plaintiff to pay the required $250.00 filing fee or file a completed in forma pauperis application, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court within 30 days.  Another order was entered on March 2, 2005, directing the plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within 30 days.  The envelope containing the order of February 17, 2005, was returned on March 10, 2005 [document #6] with a notation "undeliverable."  Having reviewed the record, this Court finds that the plaintiff has failed to contact this Court concerning the instant civil action.  Even though the plaintiff was warned by this court in the letter of assignment that failure to timely comply with the requirements of the orders may lead to the dismissal of his complaint, he has failed to do so.

Notwithstanding the plaintiff's failure to provide a change of address or his failure to comply with the orders of February 17, 2005, and March 2, 2005, the plaintiff was directed by

an order to show cause [document #7] entered on May 12, 2005, to respond in writing within 15 days from the date of the order and explain why this case should not be dismissed for his failure to comply with the previous orders of this court. The order to show cause as well as the orders entered on February 17, 2005, and March 2, 2005, were mailed to the plaintiff's last known address. According to the record, the envelope containing the Order to Show Cause was returned marked "undeliverable" on May 24, 2005 [document #9].

Even though more than 15 days have lapsed since the deadline for compliance with the order to show cause of May 24, 2005, the plaintiff has failed to communicate with the Court, either to inquire as to the status of his case or to provide this office with a current address. It is apparent from the plaintiff's failure to communicate with this Court since March 10, 2005,[1] that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

---

[1]This is the date this court received the first returned mail. [Document #6].

2

Since the defendant has never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 21st day of June, 2005.

UNITED STATES DISTRICT JUDGE

3